UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND,<br>1750 New York Avenue, NW<br>Washington, DC 20006<br><br>and<br><br>JOHN KERR,<br>Ohio Valley Steel Company<br>1721 Wetzel Street<br>Post Office Box 911<br>Wheeling, WV 26003<br><br>and<br><br>ANTHONY WALENCIK,<br>International Association of Iron Workers<br>1750 New York Avenue, N.W. Suite 400<br>Washington, D.C. 20006-5301<br><br>and<br><br>JAMES R. KING,<br>3708 46th Avenue, South<br>Minneapolis, MN 55406<br><br>and<br><br>TIMOTHY F. O'CONNELL,<br>The Bilco Company<br>Post Office Box 1203<br>New Haven, CT 06505<br><br>and<br><br>RONALD T. BRUCE,<br>Builders Steel Company<br>Box #12538<br>Kansas City, MO 64116 | Civil Action No. |

|                                      | )  |
|                                      | )  |
|                         Plaintiffs,  | )  |
|                                      | )  |
|                 v.                   | )  |
|                                      | )  |
| RUSCO STEEL COMPANY a.k.a. RUSCO     | )  |
| STEEL CO.                            | )  |
|     25 Bleachery Court               | )  |
|     Warwick, RI 02886                | )  |
|                                      | )  |
| Serve: Robert S. Russell, President  | )  |
|     25 Bleachery Court               | )  |
|     Warwick, RI 02886                | )  |
|                                      | )  |
| and                                  | )  |
|                                      | )  |
| RUSCO REAL ESTATE COMPANY            | )  |
|     25 Bleachery Court               | )  |
|     Warwick, RI 02886                | )  |
|                                      | )  |
| Serve: James R. Melvin, Jr.          | )  |
|     19 Stanfield Lane                | )  |
|     Broomall, PA 19008               | )  |
|                                      | )  |
| and                                  | )  |
|                                      | )  |
| RUSCO ENTERPRISES, INC.              | )  |
|     25 Bleachery Court               | )  |
|     Warwick, RI 02886                | )  |
|                                      | )  |
| Serve: James R. Melvin, Jr.          | )  |
|     19 Stanfield Lane                | )  |
|     Broomall, PA 19008               | )  |
|                                      | )  |
| and                                  | )  |
|                                      | )  |
| RUSCO STEEL FABRICATION              | )  |
| COMPANY                              | )  |
|     25 Bleachery Court               | )  |
|     Warwick, RI 02886                | )  |
|                                      | )  |
| Serve: Robert S. Russell, President  | )  |

|  |  |
|---|---|
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| and | ) |
|  | ) |
| RUSSELL INVESTMENTS, INC. | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| Serve: Robert S. Russell, President | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
|                            Defendants. | ) |

## COMPLAINT
### (FOR FAILURE TO PAY WITHDRAWAL LIABILITY)

1.  Jurisdiction is conferred upon this Court by Sections 502(a)(3), 502(e), 502(f) and 4301(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e), 1132(f) and 1451(c).

2.  Venue lies in this Court under ERISA sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d).

3.  Plaintiff National Shopmen Pension Fund (hereinafter the "Fund") is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3) (29 U.S.C. §§ 1002(37) and 1301(a)(3)). The Fund's purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Plaintiffs King, Kerr, Walencik, O'Connell and Bruce are Trustees of the Fund. The Fund is administered in Washington, D.C.

4.      Defendant Rusco Steel Company a.k.a. Rusco Steel Co. ("Defendant" or "Rusco Steel") is a corporation doing business at 25 Bleachery Court, Warwick, Rhode Island, 02886.

5.      Defendant Rusco Real Estate Company ("Defendant" or "Rusco Real Estate") is a corporation doing business at 25 Bleachery Court, Warwick, Rhode Island, 02886.

6.      Defendant Rusco Enterprises, Inc. ("Defendant" or "Rusco Enterprises") is a corporation doing business at 25 Bleachery Court, Warwick, Rhode Island, 02886.

7.      Defendant Rusco Steel Fabrication Company ("Defendant" or "Rusco Fabrication") is a corporation doing business at 25 Bleachery Court, Warwick, Rhode Island, 02886.

8.      Defendant, Russell Investments, Inc. ("Defendant" or "Russell") is a corporation doing business at 25 Bleachery Court, Warwick, Rhode Island, 02886.

9.      Defendants, Rusco Steel, Rusco Real Estate, Rusco Enterprises, Rusco Fabrication and Russell all are trades or businesses under common control within the meaning of § 414(c) of the Internal Revenue Code and the regulation thereunder.

10.     The business of Defendants affect commerce within the meaning of Section 3(12) of ERISA (29 U.S.C. § 1002(12)).

11.     Defendant Rusco Steel and Shopmen's Local Union No. 523 of the International Association of Bridge, Structural and Ornamental Iron Workers (affiliated with AFL-CIO) (hereinafter "Union" or "Local 523") were parties to and were bound by successive collective bargaining agreements requiring contributions to the Fund for employees covered thereby.

12.     As of January 2003, Defendants withdrew from the Fund, within the meaning of ERISA Section 4203(a) (29 U.S.C. § 1383(a)). Section 4201 of ERISA and the Fund's Rules and Regulations require that withdrawal liability be assessed by the Fund against contributing employers

who withdrew from it after April 28, 1980 (29 U.S.C. § 1381).

13. Withdrawal liability is determined by allocating a portion of the Fund's unfunded vested benefits to the withdrawing employer pursuant to one of the methods authorized by ERISA. The Trustees of the Fund have adopted the "attributable rule" for determining withdrawal liability, which is set forth in ERISA Section 4211(c)(4) (29 U.S.C. §1391(c)(4)).

14. The Fund's actuarial consultants, the Segal Company, calculated the withdrawal liability of Defendants to be $5,397,100.00.

15. By certified letter to Defendants, dated February 27, 2004, the Fund Administrator notified Defendants of their withdrawal liability to the Fund and established a schedule for the payment of withdrawal liability, as required by ERISA Section 4219 (29 U.S.C. § 1399). That schedule provided that Defendants pay $5,773.00 per month for 240 months resulting in a total payment of $1,285,520.00, the twenty-year repayment plan limit under ERISA Section 4219 (c)(1)(B). The first payment was due on March 29, 2004.

16. Defendants made their first seven scheduled withdrawal liability payments but has failed to make the subsequent payments. By letter dated February 15, 2005, Fund Counsel notified Defendants of their payment delinquency and that if it failed to pay within 60 days that it would be in default. The letter demanded Defendants make their delinquent withdrawal liability payments or alternately, a lump-sum settlement in the amount of $1,345.389.00.

17. By letter dated June 15, 2004 from Defendant's counsel, William E. O'Gara, Esq. to the Fund office, Defendants informed the Fund that his client believed withdrawal liability was improperly assessed against the Defendants and that Defendants dispute the Fund's revised determination of withdrawal liability.

18. Defendants filed a demand for arbitration on June 24, 2004 with the American Arbitration Association.

19. Defendants have abandoned the arbitration since they have not pursued it since filing for arbitration in June 2004 and have thereby waived their right to arbitrate.

20. Defendants have defaulted on their obligation to pay withdrawal liability to the Fund because it failed to make the payment due in November 2004 and any payment thereafter and has not cured his failure within 60 days after receipt of notification of their delinquency, as required by ERISA Section 4219(c)(2) (29 U.S.C. § 1399(c)(2)).

21. Under ERISA Sections 502, 515 and 4301(b) (29 U.S.C. §§ 1132, 1145 and 1451(b)) and the Rules and Regulations of the Fund, an employer who defaults in making payments of withdrawal liability is obligated to pay interest at the rate of 8% per annum on the total amount of outstanding liability from date due until date paid plus liquidated damages equal to 20% of the withdrawal liability, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for the following relief, jointly and severally:

(a) judgment in the full amount of withdrawal liability owed the Fund;

(b) interest on the delinquent withdrawal liability payments at the rate of 8% per annum;

(c) liquidated damages in the amount of 20% of the delinquent amount;

(d) an award of attorneys' fees and costs of collection incurred in connection with collection of the delinquent withdrawal liability; and

(e) such other and further relief as this Court deems appropriate.

Dated: 1/11/07

Respectfully submitted,

_____
Marc Rifkind, D.C. Bar #416183
**SLEVIN & HART, P.C.**
1625 Massachusetts Avenue, NW
Suite 450
Washington, DC 20036
(202) 797-8700

Counsel for Plaintiffs

@PFDesktop\::ODMA/PCDOCS/SLEVINHARTDM/23597/1

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

National Shopmen Pension Fund and its Board of Trustees

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **11001**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Marc Rifkind, Esq.
Slevin & Hart, P.C.
1625 Massachusetts Ave., NW Ste. 450
Washington, DC 20036
(T) 202/797-8700

## DEFENDANTS

Rusco Steel Company a.k.a. Rusco Steel Co., et. al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:07CV00110
JUDGE: Reggie B. Walton
DECK TYPE: Labor/ERISA (non-employment)
DATE STAMP: 01/16/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001et.seq (1982) - Monies Due & Injunctive Relief

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,345389.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/11/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.