UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

FEB 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NATIONAL SHOPMEN PENSION FUND, )
1750 New York Avenue, NW )
Washington, DC 20006 )
)
and )
)
JOHN KERR, )
Ohio Valley Steel Company )
1721 Wetzel Street )
Post Office Box 911 )
Wheeling, WV 26003 )
)
and )
)
ANTHONY WALENCIK, )
International Association of Iron Workers )
1750 New York Avenue, N.W. Suite 400 )
Washington, D.C. 20006-5301 )
)
and )         Civil Action No. 07-cv-110
)
JAMES R. KING, )
3708 46th Avenue, South )
Minneapolis, MN 55406 )
)
and )
)
TIMOTHY F. O'CONNELL, )
The Bilco Company )
Post Office Box 1203 )
New Haven, CT 06505 )
)
and )
)
RONALD T. BRUCE, )
Builders Steel Company )
Box #12538 )
Kansas City, MO 64116 )
)
          Plaintiffs, )

|  |  |
|---|---|
| v. | ) |
|  | ) |
| RUSCO STEEL COMPANY a.k.a. RUSCO STEEL CO. | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| Serve: Robert S. Russell, President | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| and | ) |
|  | ) |
| RUSCO STEEL FABRICATION COMPANY | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| Serve: Robert S. Russell, President | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| and | ) |
|  | ) |
| RUSSELL INVESTMENTS, INC. | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| Serve: Robert S. Russell, President | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
| and | ) |
|  | ) |
| ROBERT S. RUSSELL | ) |
|     25 Bleachery Court | ) |
|     Warwick, RI 02886 | ) |
|  | ) |
|                                 Defendants. | ) |

## FIRST AMENDED COMPLAINT
### (FOR FAILURE TO PAY WITHDRAWAL LIABILITY)

Plaintiffs, by counsel, hereby complain of Defendants as follows:

1. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act (29 U.S.C. §185), and Sections 502 and 515 of the Employee Retirement Income Security Act, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §1132 and §1145) and 28 U.S.C. §1331.

2. Plaintiff National Shopmen Pension Fund (hereinafter the "Fund") is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. §186(c)). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Plaintiffs, Walencik, Kerr, King, O'Connell, and Bruce, are Trustees of the Fund. The Fund is administered in the District of Columbia.

### Introduction

3. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. Plaintiffs seek a judgment awarding delinquent contributions interest, liquidated damages, attorneys' fees and costs.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of

ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c). Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund's are administered at their principal place of business in the District of Columbia.

### Parties

5.  Plaintiffs are comprised of individual trustees who are "fiduciaries" with respect to the Fund as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of § 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Funds are a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Trustees administer the Fund's at 1750 New York Ave. NW Washington, D.C. 20006-5301. Pursuant to §§ 502(a)(3), 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiffs are authorized to bring this action on behalf of the Funds, its participants, and beneficiaries.

6.  Defendants Rusco Steel Company a.k.a. Rusco Steel Co. ("Rusco Steel"), Rusco Steel Fabrication Company ("Rusco Steel Fab"), and Russell Investments, ("Russell Investments") are employers in an industry affecting commerce within the meaning of Sections 3(5) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5)), and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151 et seq.).

7.  Defendants, Rusco Steel, Rusco Steel Fab and Russell Investments are corporations organized under the laws of Rhode Island, with principal offices located at 25 Bleachery Court, Warwick, Rhode Island 02886.

8.  Defendant Robert S. Russell is the owner and sole shareholder of Rusco Steel, Rusco Steel Fab and Russell Investments.

9.  Defendants, Rusco Steel, Rusco Steel Fab and Russell Investments operate out of the

same location.

10. Defendant Rusco Steel and Shopmen's Local Union No. 523 of the International Association of Bridge, Structural and Ornamental Iron Workers (affiliated with AFL-CIO) (hereinafter "Union" or "Local 523") were parties to and were bound by successive collective bargaining agreements requiring contributions to the Fund for employees covered thereby.

### Claim by Plaintiff National Shopmen Pension Fund against Defendants Joint and Severally for Withdrawal Liability

11. The allegations contained in paragraphs 1 through 10 are incorporated herein by reference.

12. ERISA, § 4201-4225, 29 U.S.C. § § 1381 - 1461 establishes withdrawal liability for multiemployer plans. ERISA, § 4201, 29 U.S.C. § 1381, establishes that if an employer withdraws from a multiemployer plan then the employer is liable to the plan for the amount determined to be withdrawal liability.

13. Section 4001(b)(1) extends liability for employer withdrawal liability to all "trades or businesses that are under common control" with the employer as that terms is defined in Treasure Regulations §1.414(c).

14. On or about January 1, 2003, Rusco Steel effected a "complete withdrawal" from the NPF within the meaning of ERISA Section 4203(a), 29.U.S.C. §1383(a).

15 Section 4201 of ERISA and the Fund's Rules and Regulations require that withdrawal liability be assessed by the Fund against contributing employers who withdrew from it after April 28, 1980 (29 U.S.C. § 1381).

16. As of the date of withdrawal, Defendants Rusco Steel, Rusco Steel Fab and Russell

Investments were trades or business under common control" with Defendant Garcia Tech within the meaning of Treasury Regulation §1.414(c) .

17.     Withdrawal liability is determined by allocating a portion of the Fund's unfunded vested benefits to the withdrawing employer pursuant to one of the methods authorized by ERISA. The Trustees of the Fund have adopted the "attributable rule" for determining withdrawal liability, which is set forth in ERISA Section 4211(c)(4) (29 U.S.C. §1391(c)(4)).

18.     The Fund's actuarial consultants, the Segal Company, calculated the withdrawal liability of Defendants.

19.     By certified letter to Defendants, dated February 27, 2004, the Fund Administrator notified Defendants of their withdrawal liability to the Fund and established a schedule for the payment of withdrawal liability, as required by ERISA Section 4219 (29 U.S.C. § 1399). That schedule provided that Defendants pay $5,773.00 per month for 240 months resulting in a total payment of $1,285,520.00, the twenty-year repayment plan limit under ERISA Section 4219 (c)(1)(B). The first payment was due on March 29, 2004.

20.     Defendants made their first seven scheduled withdrawal liability payments but has failed to make the subsequent payments. By letter dated February 15, 2005, Fund Counsel notified Defendants of their payment delinquency and that if it failed to pay within 60 days that it would be in default. The letter demanded Defendants make their delinquent withdrawal liability payments or alternately, a lump-sum settlement in the amount of $1,285,520.00.

21.     By letter dated June 15, 2004 from Defendants' counsel, William E. O'Gara, Esq. to the Fund office, Defendants informed the Fund that his client believed withdrawal liability was improperly assessed against the Defendants and that Defendants dispute the Fund's revised determination of withdrawal liability.

22. Defendants filed a demand for arbitration on June 24, 2004 with the American Arbitration Association.

23. Defendants have abandoned the arbitration since they have not pursued it since filing for arbitration in June 2004 and have thereby waived their right to arbitrate.

24. Defendants have defaulted on their obligation to pay withdrawal liability to the Fund because it failed to make the payment due in November 2004 and any payment thereafter and has not cured his failure within 60 days after receipt of notification of their delinquency, as required by ERISA Section 4219(c)(2) (29 U.S.C. § 1399(c)(2)).

25. Under ERISA Sections 502, 515 and 4301(b) (29 U.S.C. §§ 1132, 1145 and 1451(b)) and the Rules and Regulations of the Fund, an employer who defaults in making payments of withdrawal liability is obligated to pay interest at the rate of 8% per annum on the total amount of outstanding liability from date due until date paid plus liquidated damages equal to 20% of the withdrawal liability, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for the following relief, jointly and severally:

(a) judgment in the full amount of withdrawal liability owed the Fund;

(b) interest on the delinquent withdrawal liability payments at the rate of 8% per annum;

(c) liquidated damages in the amount of 20% of the delinquent amount;

(d) an award of attorneys' fees and costs of collection incurred in connection with collection of the delinquent withdrawal liability; and

(e) such other and further relief as this Court deems appropriate.

## Count II: Personal Liability of Robert S. Russell

26. The allegations contained in paragraphs 1 through 10 and 12 through 25 are incorporated herein by reference.

27. In January 2003, Defendant Robert S. Russell sold the assets of Rusco Steel and Rusco Investments, including real estate to Rusco Enterprises, Inc. and Rusco Real Estate Company for $2,330,401.

28. Defendant Robert S. Russell did not use the proceeds of that sale to pay it withdrawal liability to the Fund.

29. Defendant Russell holds the proceed of the sale of Defendants' assets in trust for the benefit of the Fund.

30. Robert S. Russell exercised common control over the Defendant Corporations and the assets and funds of those Corporations and used those assets for his personal benefit.

31. Defendant Russell is liable to the Fund for the full amount of any judgment obtained in this action against Rusco Steel, and Russell Investments to the extent of the proceeds he received from the sale of the sale described in paragraph 27, above..

## Prayer for Relief

**WHEREFORE**, the Fund demands the following relief:

Judgment in favor of the Plaintiffs and against Defendants joint and severely for:

1. For the withdrawal liability in the amount of $1,285,520.00, interest at the rate of prescribed by Section 6621 of the Internal Revenue Code from date due to date paid and liquidated damages equal to the greater of interest or 20

   percent of the delinquent contributions

2. Attorneys fees, audit fees and costs incurred by the Fund in this action

3. For such other, further or different relief as the Court deems just and equitable.


Dated: 2/13/07

Respectfully submitted,

Marc Rifkind, Esq. (D.C. Bar No. 416183)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC  20036
202-797-8700  (Telephone)
202-234-8231  (Facsimile)

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of February 2007, a copy of the foregoing Amended Complaint was served upon the below parties representing the Defendants listed in the initial and Amended Complaints. Service of the newly named Defendant on the Amended Complaint is done by way of certified mail in accordance with Fed. R. Civ. P. 5.3, the remaining parties are served via first-class mail, postage prepaid:

>William E. O'Garra
>Holland & Knight LLP
>One Financial Plaza, Suite 1800
>Providence, RI 02903
>
>and
>
>Steven G. Brown, Esq.
>Petrikin, Wellman, Damico, Brown & Petrosa
>109 Chelsey Drive
>Media, PA 19063

_____
Marc Rifkind, Esq.

@PFDesktop\::ODMA/PCDOCS/SLEVINHARTDM/32511/1